IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL KLEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-869-CFC |
| | ) | |
| COL. NATHANIEL MCQUEEN, | ) | |
| JR., in his official capacity as | ) | |
| Superintendent of the Delaware | ) | |
| State Police, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

Plaintiff Samuel Klein's one-count complaint seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 based on allegations that the Delaware State Police unlawfully entered Klein's name in the National Crime Information Center (NCIC) database. D.I. 1. Klein alleges that the "erroneous entry" of his name in NCIC resulted in his unlawful arrest in Connecticut in October 2018 and constitutes "a threat of future violations of [his] First and Fourth Amendment rights[.]" D.I. 1 at 1, 14. Defendant, the Superintendent of the Delaware State Police, has moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction, failure to

state a claim upon which relief can be granted, the *Younger* abstention doctrine, *res judicata,* the *Rooker-Feldman* doctrine, and failure to exhaust state remedies.

1. This case arises out a $443,000 civil judgment entered against Klein in a case adjudicated in the Delaware Court of Chancery. *See Glick v. KF Pecksisland LLC and Samuel Klein,* 2017 WL 5514360 (Del. Ch. Nov. 17, 2017), D.I. 1, ¶ 8.[1] On September 18, 2018, after Klein refused to respond to certain discovery requests and failed to appear in a post-judgment execution proceeding, the Court of Chancery held Klein in contempt and issued a bench warrant for his arrest. D.I. 1, 9; D.I. 4-1 at 58. The Court also ordered that "Klein shall be listed" in NCIC. D.I. 4-1 at 59. Klein did not appeal the Court's order, and the case is now closed. *See* D.I. 4-1 at 1.

2. In compliance with the Court's order, the Delaware State Police entered Klein's name in NCIC. D.I. 1, ¶4.

3. On October 16, 2018, police in Connecticut arrested Klein pursuant to the Court of Chancery's arrest warrant. D.I. 1, ¶¶ 16, 23-24.

---

[1] In considering Defendant's motion, I accept as true all factual allegations in the complaint and view those facts in the light most favorable to Klein. *See Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 358 (3d Cir. 2014); *Umland v. Planco Fin. Servs.,* 542 F.3d 59, 64 (3d Cir. 2008). It is also appropriate to consider in reviewing a motion to dismiss matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record. *See Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006).

4. On October 18, 2018, the Delaware Attorney General's Office informed the Connecticut police that it "will not extradite Mr. Klein from Connecticut[.]" D.I. 1 ¶ 26.

5. On October 24, 2018, Klein's arrest in Connecticut was expunged from police records. *Id.*, ¶ 27.

6. On March 20, 2019, Klein, through his counsel, asked the Defendant to "withdraw his name from the NCIC Database." *Id.*, ¶ 33. Defendant has "never responded to that request." *Id.*

7. Klein alleges that the federal regulations that govern the administration of the NCIC database do not permit the entry into the database of a contempt citation or bench warrant issued by a court for a person's failure to appear in a civil proceeding. *Id.*, ¶¶ 35-40. Klein further alleges that the continued maintenance of his bench warrant and contempt citation in NCIC create a threat of repeated arrests that violate his First Amendment right to travel, *id.*, ¶ 44, and his Fourth Amendment "right to be free from arbitrary and unreasonable interference by police," *id.*, ¶¶ 43.

8. Klein acknowledges in his complaint that the Delaware State Police entered his bench warrant and contempt citation pursuant to an order issued by the Court of Chancery. Thus, though he brings this action under § 1983, Klein effectively seeks the vacatur of the Court of Chancery's September 19, 2018 order.

9. Because Klein effectively seeks by this action to appeal the Court of Chancery's order, this Court lacks jurisdiction over the case under the *Rooker-Feldman* doctrine. That doctrine "bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." *Marran v. Marran,* 376 F.3d 143, 149 (3d Cir. 2004) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 1314–15, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)).

10. "A case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication." *Id.* (citation omitted). "A claim is inextricably intertwined with the state court adjudication when 'federal relief can only be predicated upon a conviction that the state court was wrong.'" *Id.* (quoting *Parkview Assoc. v. City of Lebanon,* 225 F.3d 321, 325 (3d Cir.2000)).

11. In this case, the issue of whether Klein should be listed in NCIC was litigated in the Court of Chancery, and the relief Klein seeks—delisting him from NCIC—can only be based upon a determination that the Court of Chancery erred in issuing its September 2018 order.

12. Citing *Johnson v. De Grady*, 512 U.S. 997, 1005 (1994), Klein argues that the *Rooker-Feldman* doctrine "is not applicable to [a]n action where the defendant was not a party or in privity with a party in the state court action." D.I. 5 at 9. But the Court in *Johnson* actually held that *the plaintiff*—not the defendant—against whom the *Rooker-Feldman* doctrine is being invoked must have been a party in the underlying state court action. Of course, that holding makes sense because the premise of the doctrine is that the plaintiff—not the defendant—litigated and lost in the state court the issue it seeks to relitigate in federal court. In this case, Klein was a party to the underlying Court of Chancery action and he had an opportunity to litigate in that court (and the Delaware Supreme Court) the issue of whether his bench warrant and contempt citation should be listed in NCIC. Thus, under *Johnson,* the *RookerFeldman* doctrine applies here.

13. Because this action is the functional equivalent of an appeal from an order issued by the Delaware Court of Chancery, the Court lacks jurisdiction. Accordingly, the Court will grant the motion to dismiss (D.I. 4).

The Court will issue an order consistent with this ruling.

_11-25-17_
Date

_____
United States District Judge